UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELINE R. DIAL,

    Plaintiff,

v.                        CASE NO. 6:21-CV-1718-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

    This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff argues that the agency's decision is not supported by substantial evidence because the Administrative Law Judge (ALJ) did not evaluate her complaints of disabling migraine pain and did not properly weigh the opinions of her treating rheumatologist, Howard Buchoff, M.D. After considering the parties' joint brief (doc. 29) and the administrative record (doc. 21), I find the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence. Remand is necessary.[1]

    A.    *Background*

    Plaintiff Jacqueline Dial was born on October 2, 1972, and was 41 years old on her alleged disability onset date of August 18, 2014 (Tr. 33). Plaintiff graduated from

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

high school and earned some college credits (Tr. 34). She has past work experience working as a loan officer, tax preparer, and accounting clerk (Tr. 35-37, 59). At the time of Plaintiff's 2018 hearing before the ALJ, she lived with her 22-year-old daughter (Tr. 34). Plaintiff alleged disability due to fibromyalgia, chronic asthma, neurocardiogenic pre-syncope, arthritis, numbness in arms and legs, migraines, stiffness in limbs, and chronic fatigue.

Given her alleged disability, Plaintiff filed an application for a period of disability and DIB (Tr. 185-186). The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 72-81, 93-105). Plaintiff then requested an administrative hearing (Tr. 119-121). Per Plaintiff's request, the ALJ held a hearing on April 25, 2018, at which Plaintiff appeared and testified (Tr. 29-64). Following the hearing, the ALJ issued an unfavorable decision on August 1, 2018, finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-28). Upon request, the Appeals Council reviewed the ALJ's decision and issued an Order denying review (Tr. 1-6). Plaintiff then timely filed a complaint with this Court on September 14, 2020. *See* Case no. 6:19-cv-1005-Orl-LRH. United States Magistrate Judge Leslie R. Hoffman issued a decision reversing the ALJ's decision and remanding for further administrative proceedings (Tr. 789-802). The Appeals Council vacated the Commissioner's decision and remanded the case to the ALJ for further proceedings consistent with the Order of the Court (Tr. 805).

Plaintiff appeared before a different ALJ for a telephonic hearing on February 11, 2021, and for a supplemental telephonic hearing on July 7, 2021 (Tr. 740-760, 724-739). The ALJ issued a decision on July 29, 2021 (Tr. 702-716). In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2022, and had not engaged in substantial gainful activity during the period from her alleged onset date of August 18, 2014, through her date last insured, March 31, 2022 (Tr. 704). After conducting hearings and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments through the date last insured: fibromyalgia, asthma, neurocardiogenic syncope, and migraine headaches (Tr. 705). Notwithstanding the noted severe impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 706). The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 404.1567(a) with the following limitations:

> … she could frequently reach in all directions, handle, and finger bilaterally. She could occasionally climb ramps or stairs but never ladders, ropes, or scaffolds. She could frequently balance but only occasionally stoop, kneel, crouch, or crawl. She could have occasional exposure to dust, odors, fumes, pulmonary irritants, vibration, and hazards, such as unprotected heights and extreme cold. She could tolerate no more than a moderate noise environment. The claimant is limited to simple routine tasks and simple work related decisions.

(Tr. 706-707). In formulating Plaintiff's RFC, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and SSR 16-3p (Tr. 707).

The ALJ opined that Plaintiff is unable to perform her past relevant work (Tr. 715). Given Plaintiff's background, and the RFC, the vocational expert (VE) testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as the jobs of Inspector (DOT 669.687-014), Information Clerk (DOT 237.367-046), and Hand Packer (DOT 731.685-014) (Tr. 716). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 716). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

    II.    *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III. Discussion

Plaintiff argues that the ALJ erred by failing to evaluate her complaints of disabling migraine pain and failing to properly weigh the opinions of her treating rheumatologist, Howard Buchoff, M.D. Remand is required because I find that the ALJ failed to properly analyze Plaintiff's fibromyalgia-related symptoms.

#### A. Dr. Buchoff's opinions

Plaintiff complains that the ALJ erred by according only "some weight" to the opinions of her treating rheumatologist, Howard Buchoff, M.D. In the main, she asserts that in evaluating Dr. Buchoff's opinions, the ALJ failed to comply with SSR 12-2p, which sets forth how to evaluate the severity and functional limitations in a case concerning fibromyalgia. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). In response, the Commissioner suggests that the Plaintiff has not identified any evidence that the ALJ ignored or misconstrued and impermissibly asks the Court to re-weigh the evidence.

The ALJ's decision provides a thorough discussion of the medical evidence, including Dr. Buchoff's treatment notes (Tr. 708-712). After summarizing the medical evidence, the ALJ, as required, considered the medical opinions (Tr. 712-714). Applying the law applicable at the time Plaintiff filed her claims, the ALJ noted:

> [i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the record, it must be given controlling weight and adopted. However, controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by

7

medically acceptable clinical and laboratory diagnostic techniques, and is 'not inconsistent' with other substantial evidence in the record. …

(Tr. 712). Addressing Dr. Buchoff's opinions, the ALJ "placed some weight" in his August 12, 2016, assessment but concluded that "not all the alleged limitations are supported" (Tr. 713). The ALJ explained:

> The provider's own records consistently state that on exam there was no limitation of motion in the shoulders and tenderness in the arms, neck, upper and lower back, buttocks, knees, and thighs. Inspections, palpitation, range of motion, muscle strength, and tone of both upper and lower extremities was otherwise normal. Her gait and station was normal. These exam findings are inconsistent with the allegation that all tender point sites were positive. The alleged sitting and standing limitations are also not well supported, Most of the other exams of record [sic] only tenderness and no range of motion limitations. Her gait and station is consistently normal thoughout the record with no need for an assistive device, which is not inconsistent with the alleged inability to walk even a single city block. Moreover, the exams do not document any cognitive deficits and there is no objective testing showing any deficits in memory and concentration. The course of treatment is inconsistent with the need for excessive absenteeism and the work activity performed since the alleged onset date is inconsistent with the degree of limitation alleged by Dr. Buchoff.

(Tr. 713). The ALJ next discussed other opinion evidence and evaluated Plaintiff's ability to perform work in the economy. As set forth below, the ALJ unduly emphasized the lack of objective findings related to her fibromyalgia. Absent from the ALJ's decision is a consideration of the longitudinal record of Plaintiff's fibromyalgia symptoms and an evaluation of the evidence pursuant to Social Security Regulation (SSR) 12-2p. *See* SSR 12-2p, 2012 WL 3104869.

Fibromyalgia "is 'characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months.'" *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987-88 (11th Cir. 2015) (quoting SSR 12-2). The Social Security Administration ("SSA") promulgated SSR 12-2p to provide guidance on how the SSA develops evidence to establish that a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869, at *1. The ruling directs ALJs to consider fibromyalgia in the five-step sequential evaluation process and instructs them on how to develop evidence and assess the impairment in determining if it is disabling. When making an RFC determination, SSR 12-2p states, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. When determining whether a claimant can do any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to be alert to the possibility that there may be exertion or nonexertional limitations, such as postural or environmental limitations, that may impact the analysis. *Id.* The ruling advises that "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," the SSA will consider all of the record

9

evidence, including the claimant's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms, the nature and frequency of the person's attempts to obtain medical treatment for symptoms, and statements by third parties about the claimant's symptoms. SSR 12-2p, 2012 WL 3104869, at *5.

In this case, the ALJ did not dispute Plaintiff's fibromyalgia diagnosis and concluded it was a severe impairment (Tr. 705). However, in formulating the RFC, the ALJ found that, while the Plaintiff's medically determinable impairments, including fibromyalgia, could reasonably be expected to produce the alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 708). Instead of then, as set forth in SSR 12-2p, sufficiently considering or discussing Plaintiff's symptoms in the context of her daily activities, medications or other treatments, the nature and frequency of medical treatment, and statements by third parties, the ALJ focused on Plaintiff's symptoms not being substantiated by the objective evidence. *See* Tr. 713 (quoted above).

The ALJ's attention to the lack of objective evidence, however, does not comport with the fact that physical examinations for persons with fibromyalgia will usually yield normal results, *e.g.*, a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. *See Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63 (11th Cir. 2010) (the hallmark of fibromyalgia is "a lack of

10

objective evidence" because it "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms"). In fact, it is common in cases involving fibromyalgia to find evidence of "normal" examinations and test results that have ruled out other disorders that could account for the person's symptoms and signs. SSR 12-2p, 2012 WL 3104869, at *3. Under well-established case law of this Circuit, undue emphasis on the lack of objective findings to substantiate a claimant's fibromyalgia-related reports constitutes error. *See, e.g., Witherell v. Berryhill*, No. 8:17-cv-2806-T-CPT, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019) (ALJ's undue emphasis on lack of objective findings in evaluating fibromyalgia complaints required remand); *Catalan v. Berryhill*, No. 8:17-cv-1425-T-30MAP, 2018 WL 4055340 (M.D. Fla. Aug. 9, 2018) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia); *Janeda v. Comm'r of Soc. Sec.*, No. 2:16-cv-803-FtM-MRM, 2018 WL 1282313 (M.D. Fla. Mar. 13, 2018) (remanding where ALJ failed to consider claimant's fibromyalgia pursuant to SSR 12-2p and may have erred in evaluating her fibromyalgia); *Morgan v. Comm'r of Soc. Sec.*, No. 8:14-cv-305-T-DNF, 2015 WL 1311062 (M.D. Fla. Mar. 24, 2015) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia).

Here, the ALJ's conclusory reasoning and repeated reference to objective medical evidence demonstrates that he relied primarily—if not exclusively—on the objective medical evidence. Moreover, the ALJ did not adequately consider (or even

11

refer to) SSR 12-2p's framework for evaluating fibromyalgia when discounting Plaintiff's statements regarding intensity, persistence, and limiting effects of her symptoms. As such, the ALJ's undue reliance on the lack of supporting objective evidence in evaluating Dr. Buchoff's opinions regarding Plaintiff's fibromyalgia-related symptoms is not based on substantial evidence and requires remand. *See Amerson v. Saul,* No. 8:19-cv-682-T-CPT, 2020 WL 13594933, at *3 (M.D. Fla. Sept. 23, 2020) (remand required where ALJ in making RFC determination accorded "little weight" to physical therapist's opinion on grounds there was "no objective evidence" in the record to bolster his assessment); *Witherell*, *supra,* 2019 WL 1397927, at *5 (finding ALJ's decision to afford little weight to nurse practitioner's opinion because it was not consistent with objective medical evidence was improper); *Fons v. Saul,* No. 19-22250-UU, 2020 WL 5040178, at *2 (S.D. Fla. August 26, 2020) (finding ALJ improperly discounted treating physician due to lack of objective evidence supporting fibromyalgia diagnosis); *Smith v. Astrue,* No. 4:10-cv-472-MP/WCS, 2011 WL 5026218, at *20 (N.D. Fla. Sept. 16, 2011) ("It would be error to discount [the doctor's] opinion in reliance on a lack of objective medical evidence to support [p]laintiff's description of the degree of pain that she experiences from fibromyalgia.").

### B. *Migraine pain*

In light of this remand, the Court need not address Plaintiff's remaining contention of error. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised). On remand, the ALJ shall re-assess the entire record, including Plaintiff's migraine headaches.

### IV. Conclusion

It is ORDERED:

(1) The ALJ's decision is REVERSED and REMANDED to the Commissioner for further administrative proceedings consistent with this Order; and

(2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on January 26, 2023.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE